GEORGE F. HOTTEN v. META KNAPP ET AL.

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 69686

Memorandum filed August 19, 1948.

*Israel Hillman,* of New Haven, for the Plaintiff.

*Charles A. Watrous,* of New Haven, for the Defendants.

MOLLOY, J. The basis of the plaintiff's action is that he undertook to and did remodel a house for the defendants at their request, the plaintiff to furnish all the materials and labor, for which he was to be paid the reasonable value thereof, total' ing $5710.87, on account of which he received $2500, leaving a balance due of $3210.87. The work was begun July 3, 1946, and ended December 2, 1946. The defendants set up the claim in their answer that "In or about August 1946, the plaintiff hav' ing begun work on the house of the defendants, on a stock and time basis agreed with the defendants to continue and to finish the entire job for a total price of $4000.00." So it is the claim of the defendants that while the job started as a stock and time one it became a job for a fixed price.

When the work was largely completed the defendants re' quested that three sides of a small garage be painted, that a single chimney be pointed up, and that two "storm doors" which were pieces of plyboard be fastened across openings.

Section 172 of the Practice Book provides: "Review by Court. The court will not retry the facts found by a committee, nor will it find facts or draw inferences from evidence stated in a report, nor will it supply by its own conclusions from sub' ordinate facts the ultimate facts which the committee ought to have found; but if the subordinate facts lead legally to only one conclusion of fact, the court should render judgment based upon this conclusion. The court may review the findings of ultimate facts made by the committee upon examination of the subordin' ate facts found, in order to determine whether the committee's conclusions have been legally reached. "The court may, at any time before judgment, upon its own motion or upon written stipulation of the parties, correct a committee's report by adding thereto a fact admitted or undisputed, or by striking out a material fact improperly found."

Section 173 provides in part:

"Remonstrances. Either party may, within twenty days after the filing of a report of a committee, file his remonstrance against the acceptance of the report upon one or more of the following grounds:

"(a) That it contains a material fact found without evidence or omits to find a material fact which is admitted or undisputed.

(b) That it does not contain all the facts proven or rulings made which are necessary to enable the remonstrant properly to present his claims or to enable the court to render judgment upon the issues. Such a remonstrance shall state such facts and rulings, or other matter as to which a further finding is desired, together with the reasons for their insertion in the report . . . If the court shall be of the opinion that the party remonstrating is aggrieved and that the finding should be corrected, it may correct the report without referring it back to the committee if the matter is within (a) or as to any matter which the parties agree should be added to or stricken from the report; otherwise it shall recommit the report to the committee for the purpose of making the correction ordered. The court will not recommit a report unless it is satisfied that such a course is necessary to a just determination of the case."

These sections point out what the duty of the court is in passing upon the soundness of the remonstrance to the referee's report. In other words: Did the referee find a material fact .without evidence or omit to find a material fact which is undisputed or admitted? Or does the report omit facts proven which are necessary to enable the remonstrant properly to present his claim that judgment should be rendered for him? The court will not retry the facts found by the committee.

The gist of the remonstrance is that the referee should not have found that, although the job started on a stock and labor basis, it was later agreed that the contract should be completed for an agreed price, $4000; and that the amount found due for the extras was inadequate. It is conceded by the defendants that they did not consider that the painting of the garage, pointing up of the chimney and the attaching of the plywood to the openings in the two doors were included in the $4000 contract price.

The parties being in dispute as to whether or not the job was on a stock and labor basis or for an agreed price, the plaintiff nevertheless offered evidence as to·reasonable value of his services and of the materials furnished. The defendants, while contending the contract was for an agreed price, nonetheless offered evidence also as to the reasonable value of materials and labor performed in an unworkmanlike. manner. On the question whether or not the contract was on an agreed price basis the referee accepted the defendants' version of this issue. There was the evidence of Mr. and Mrs. Knapp to support this claim. The

referee could and did accept this evidence on this vital issue and found accordingly. This was entirely within his right to do so.

It may be that some other trier might have decided this case in accordance with the plaintiff's contentions. The instant referee had a right to say which party he believed. That is all there is in this remonstrance on the issue whether or not the contract was for an agreed price.

On the question of the extras, the referee found that no evidence was offered as to the cost of labor and materials in the performing of these extras; he therefore found the "nominal value of such labor and matrials to be $25.00." It was the obligation of the plaintiff to show just what the extras cost in labor and materials, particularly in view of the defense of an agreed price for the job. This cost and materials was undoubtedly included in the general bill as evidenced by the exhibits. The plaintiff, refusing to admit that there was any $4000 price agreed upon, proceeded on the basis of stock and labor for the whole job including the extras. The referee made an award for the $1500 balance due on $4000 contract price plus the $25 for extras. The referee viewed the work in company with the plaintiff, Mr. Knapp and counsel. The plaintiff agrees there was no evidence specifically referring to the cost of materials and labor for the extras such as the chimney, doors and garage painting, but says that to have offered such evidence would have been inconsistent with the plaintiff's theory of the case. This is erroneous thinking. He should have anticipated that the referee might find a novation. He would have conceded nothing on his fundamental claim of a stock and time contract. Such procedure happens frequently in the trial of cases of this kind. Therefore, the position of the defendants is sound on this remonstrance. It may be, however, that the plaintiff has not been paid all he should have received for the garage painting, chimney pointing and the door fixing. The fair and just thing, if this is so, is for the defendants to pay him what is fair and reasonable. I am not going to disturb this report. That means that at least the plaintiff has been paid partially for these extras in the $25 allowance. Enough said.

The remonstrance is overruled; the report is accepted, and judgment may enter for the plaintiff to recover of the defendants $1525, with interest from December 2, 1946, to date hereof, of $156.31, or a total of $1681.31.